# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MATTHEW C. STECHAUNER**,

    Plaintiff,

v.                                                             **Case No. 19-CV-833**

**CATHY JESS,** *et al.*,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Matthew Stechauner, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. He also filed a motion to proceed without prepayment of the civil case filing fee under 28 U.S.C. § 1915 and a motion to appoint counsel. This decision resolves Stechauner's motions and screens his complaint.

*1. Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Stechauner was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his case without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow

him to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On June 13, 2019, the court ordered Stechauner to pay an initial partial filing fee of $1.02; he paid the fee about a week later. Accordingly, the court will grant his motion to proceed without prepayment of the filing fee. Stechauner will have to pay the remainder of the fee over time in the manner described at the end of this order.

2. *Screening the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Additionally, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the PLRA. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim . . . may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Joinder of multiple defendants into one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Stechauner's complaint violates Fed. R. Civ. Pro. 18 and 20 because it advances unrelated claims against different sets of defendants. First, Stechauner alleges that a correctional officer gave him the wrong medication dosage, which resulted in him having to go to the emergency room. He alleges that the prison's policy of allowing correctional officers to hand out medication instead of requiring nurses to hand out medication violates his rights under the Eighth Amendment. The court will refer to these allegations as Lawsuit #1.

He next alleges that a correctional officer refused to give him copies of notarized documents before mailing the documents to the court, thereby violating his right to access the courts. The court will refer to these allegations as Lawsuit #2.

He also alleges that, on multiple occasions, some of the defendants allowed him to hurt himself while he was housed in segregation. He asserts that no one stopped him from choking himself with his bedsheet, banging his head and punching the cell walls until his head and hands were swollen and bloody, and/or cutting himself with a razor. Stechauner alleges that he did not receive adequate medical care after some incidents. He also alleges that, after one of the incidents, his injuries were so significant that he had to go to the emergency room. The court will refer to these allegations as Lawsuit #3.

Finally, Stechauner asserts that some of the defendants failed to protect him from other inmates who were sexually harassing and assaulting him. (It is not clear from Stechauner's allegations how these defendants knew that Stechauner was being harassed/assaulted by other inmates.) The court will refer to these allegations as Lawsuit #4.

Under Rules 18 and 20, Stechauner cannot pursue Lawsuits #1, 2, 3, and 4 in a single case. The lawsuits do not involve all of the same defendants nor do they have questions of law and fact in common. That does not mean that Stechauner cannot pursue all four of the lawsuits. It means only that he must pursue each one in a separate case and pay a separate filing fee for each case. The court will allow Stechauner to file an amended complaint that focuses on one of the four lawsuits described above.

As Stechauner decides how he would like to proceed, the court reminds him that, under § 1983, only those individuals who are personally responsible for a

constitutional violation will be held liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Because there is no vicarious or supervisory liability, supervisors will not be liable for the alleged misconduct of their subordinates, employers will not be liable for the alleged misconduct of their employees, and employees will not be liable for the alleged misconduct of their co-workers. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Accordingly, Stechauner must identify in the caption of his amended complaint and in his allegations only those individuals who were personally involved in allegedly violating his constitutional rights.

If Stechauner does not know the name of an individual, he may use a John or Jane Doe placeholder. If, after screening his amended complaint, the court allows Stechauner to proceed with a claim against a Doe defendant, he will have the opportunity to use discovery to learn the name of the Doe.

Also, to state a claim a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While he need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). For example, a list of multiple defendants followed by "they allowed me to be assaulted" is likely insufficient to state a claim. Stechauner should include enough facts in his amended complaint to allow the court to understand how each defendant

was personally involved and to reasonably conclude that Stechauner's conclusions about a particular defendant's conduct are accurate.

The court will provide Stechauner with a blank prisoner complaint form. He must use this form if he files an amended complaint. If he chooses to file an amended complaint, he must do so by **August 26, 2019.** If he does not want to proceed with this case, he does not have to take any further action. If he does not file an amended complaint by the deadline (or explain to the court why he is unable to do so), the court will conclude that he no longer wishes to proceed with this case and will dismiss it without prejudice. *See* Civil L.R. 41(c).

*3. Motion to Appoint Counsel*

On the same day Stechauner filed his complaint he filed a motion to appoint counsel. He explains that he suffers from extreme mental illnesses and that the inmate who helped him prepare his complaint is transferring to another institution. He also states that he has trouble reading and writing and is not familiar with the law or court rules. He contacted three lawyers in an effort to hire a lawyer on his own, but none of them agreed to represent him.

When determining whether to recruit a lawyer for a *pro se* plaintiff in a civil case, the court decides whether the difficulty of the case exceeds a particular plaintiff's capacity to handle the case on his own. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). It is not enough that a plaintiff wants a lawyer (nearly all plaintiffs want a lawyer), nor is it enough that a lawyer would do a better job than a *pro se* plaintiff (that will almost always be the case). Instead, the question is whether a

plaintiff understands the factual and legal issues in his case and can effectively communicate his thoughts and arguments to the court.

Many prisoners suffer from mental health conditions, yet they capably represent themselves during the initial stages of litigation. Stechauner does not explain how his mental health conditions will interfere with his ability to prosecute this case. Without additional details, the mere fact that he has been diagnosed with mental health challenges is insufficient to establish that he cannot represent himself. Similarly, most prisoners receive help from other inmates when they draft their documents, so, without additional details about the kind of help Stechauner received from the jailhouse lawyer and why he cannot proceed without his help, the fact that the jailhouse lawyer is transferring to a different institution also fails to establish that Stechauner cannot represent himself at this time.

The court understands that it can be overwhelming for an inexperienced litigant to navigate the many rules and procedures of the court, but this is a challenge that all *pro se* litigants face and is not a sufficient reason for the court to recruit a volunteer lawyer. At this point, all Stechauner has to do is prepare an amended complaint that tells the court what the defendants did or did not do to violate his constitutional rights. The court finds that he is able to do that on his own.

**IT IS THEREFORE ORDERED** that Stechauner's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Stechauner's motion to appoint counsel (ECF No. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Stechauner may file an amended complaint that complies with the instructions in this order. If Stechauner chooses to file an amended complaint, he must do so by **August 26, 2019**. If Stechauner files an amended complaint by the deadline, the court will screen the amended complaint as required by 28 U.S.C. § 1915A. If Stechauner does not file an amended complaint by the deadline, the court will dismiss this case without prejudice.

The court will include with this decision a blank complaint form and *pro se* guides that may help Stechauner better understand the litigation process.

**IT IS FURTHER ORDERED** that the agency having custody of Stechauner shall collect from his institution trust account the $348.98 balance of the filing fee by collecting monthly payments from Stechauner's prison trust account in an amount equal to 20% of the preceding month's income credited to Stechauner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Stechauner is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Stechauner remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Stechauner is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Stechauner shall submit all correspondence and case filings to institution

staff, who will scan and e-mail documents to the Court.[1]  If Stechauner is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Stechauner is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 26th day of July, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.