# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MATTHEW C. STECHAUNER,**

    Plaintiff,

  **v.**                                                  **Case No. 19-CV-833**

**ERIC OFFERMANN,**

    Defendant.

## ORDER

Plaintiff Matthew Stechauner initiated a lawsuit under 42 U.S.C. § 1983, alleging that defendant correctional officer Eric Offermann violated his civil rights. The court screened the amended complaint and allowed Stechauner to proceed with a deliberate-indifference claim based on his allegations that Offermann purposely gave him a greater-than-prescribed dose of medication, which resulted in him being sent to the hospital. (ECF No. 16.)

On November 21, 2019, Offermann filed a motion for summary judgment. About a week later, Stechauner responded to the motion and filed a motion to compel and a motion to appoint counsel. Then, on December 2, 2019, Stechauner filed his own motion for summary judgment. The motions are now fully briefed and ready for the court's decision.

1. **STECHAUNER'S MOTION TO COMPEL**

Stechauner moves the court to order Offermann to produce the medical records from his November 27, 2018 hospital visit. According to Offermann, he does not have the medical records Stechauner seeks, and he does not intend to order them unless necessary for trial. (ECF No. 39 at 2.) It appears that Stechauner could have obtained the records he requested by putting in a request for a file review at his institution, selecting the records he believed he needed, and paying $0.15 per page for copies. (*Id.*) Stechauner states that "he asked DOC for records to no avail," but it is unclear what he means by that. (ECF No. 34 at 2.) To the extent his institution prevented him from viewing his medical records, that is an issue he could have raised at his institution by filing an inmate grievance. Thus, the court will deny his motion.

In any event, as will be discussed below, the court finds that Stechauner's claim fails as a matter of law, and the court cannot conceive of any information that would be contained in the hospital records that would affect that decision.

2. **THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

*2.1 Relevant Facts*

The facts in this case are straightforward and largely undisputed. Stechauner is an inmate at Oshkosh Correctional Institution. (ECF No. 45 at ¶ 1.) Offermann is a correctional officer at Oshkosh. (*Id.* at ¶ 2.) On November 27, 2018, Offermann was handing out medication to inmates. (*Id.* at ¶ 3.) He gave Stechauner three Clonidine pills instead of the prescribed one Clonidine pill. (*Id.*) As a result, Stechauner was sent to the emergency room for complaints of chest pain and dizziness. (*Id.* at ¶ 5.)

According to Offermann, he did not look closely enough at the punch card or at Stechauner's medication administration record. (ECF No. 25 at ¶ 4.) He asserts that the punch card contained three pills, and he believed that Stechauner was supposed to receive all three. (*Id.*) Stechauner asserts that Offermann did not look at the medication package or logbook at all—he "just popped 3 Clonidine pills in [his] hand on purpose." (ECF No. 45 at ¶ 6.)

Upon realizing his mistake, Offermann directed Stechauner to sit in the dayroom, and he called health services to talk to a nurse. (ECF No. 25 at ¶ 8.) She told him to send Stechauner to health services, which he immediately did. (*Id.*) Shortly thereafter, Offermann called his supervisor, who instructed him to write an incident report. (*Id.* at ¶ 9.)

*2.2 Summary Judgment Standard*

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). When considering a motion for summary judgment, the court takes evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477

U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

*2.3 Analysis*

To prevail on a claim of deliberate indifference, Stechauner must show that (1) he faced a substantial risk of harm, and (2) Offermann was aware of the risk and intentionally disregarded it. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). Stechauner presents no evidence from which a jury could reasonably conclude that Offermann knew he was giving Stechauner more than the prescribed dose of Clonidine.

Offermann admits that he did not look closely at the medication administration record and assumed that Stechauner was to receive all three pills in

4

the punch card. Stechauner clarifies that Offermann did not look at the medication administration record *at all* but simply popped the three pills into his hand. Stechauner's clarification actually bolsters Offermann's assertion that he did not know he was giving Stechauner a greater-than-prescribed dose of Clonidine.

Stechauner focuses on the fact that Offermann put the pills in his hand "on purpose," but this focus is misplaced. It is undisputed that Offermann intentionally placed three pills instead of the prescribed one pill in Stechauner's hand. But the issue is whether Stechauner presents any evidence from which a jury could reasonably conclude that Offermann knew that Stechauner faced a significant risk of harm when he gave him the three pills. Stechauner presents no evidence to support such a conclusion.

As the Court of Appeals for the Seventh Circuit explained long ago, "[P]unishment cannot be inadvertent. Punishment implies at a minimum actual knowledge of impending harm easily preventable . . . ." *Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir. 1985), *abrogated on other grounds*. Stechauner himself asserts that Offermann did not know how many pills Stechauner had been prescribed because he did not bother to look at the medication administration record. While Offermann's actions may have been negligent or even grossly negligent, that is not enough to implicate the Constitution. *See Berton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (citations omitted). As a result, Offermann is entitled to summary judgment.

## 3. STECHAUNER'S MOTION TO APPOINT COUNSEL

Along with his response to Offermann's summary judgment motion, Stechauner filed a motion asking the court to recruit a lawyer to represent him. (ECF No. 35.) He explains that he wrote three lawyers in an effort to obtain a lawyer on his own, but none of them agreed to represent him. He also states that he has severe mental illnesses and that he reads at an eighth-grade level.

In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.*, 923 F.3d 486, 490 (7th Cir. 2019), (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Stechauner satisfied the first prong of the standard. Still, the court will deny his motion because, despite the challenges Stechauner faced, the court believes that he was competent to litigate this case on his own. The facts of this case are very straightforward, and Stechauner did a good job of gathering the relevant information through discovery, responding to Offermann's summary judgment motion, and preparing his own summary judgment motion. *See, e.g.,* ECF No. 43-1 at 8-13. This is not a case where a plaintiff was unable to obtain key evidence or where the legal issues were too complex for a non-lawyer to understand. And, more to the point, the

court has determined that Stechauner's claim fails as a matter of law, and there is nothing a lawyer could have done to affect that outcome.

## 4. CONCLUSION

**IT IS THEREFORE ORDERED** that Stechauner's motion to compel (ECF No. 34) and his motion to appoint counsel (ECF No. 35) are **DENIED**.

**IT IS FURTHER ORDERED** that Stechauner's motion for summary judgment (ECF No. 40) is **DENIED** and Offermann's motion for summary judgment (ECF No. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.** The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 16th day of December, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge